IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 10-40068-01 |
|  | ) |  |
| JASON JEFFRIES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**<u>Memorandum and Order</u>**

This matter came before the court on the defendant's objections to the Presentence Report. The court ruled orally on these matters at the sentencing hearing of March 7, 2011. This written memorandum will supplement the court's oral ruling. *See* Fed.R.Crim.P. 32(i)(3).

1. Defendant's first objection argues that the "amount of loss" used to determine his guideline range should not include losses caused by other KU employees (at least anyone other than Mr. Simmons). Mr. Jeffries contends he was not a co-conspirator with Ms. Blubaugh or Mr. Jones; he says that he had no actual knowledge of any thefts by those individuals; and he argues that his sentence should not be based on the entire $2.2 million cumulative loss caused by all of the KU employees who have admitted wrongfully obtaining tickets.

Under the federal sentencing guidelines, the "relevant conduct" for determining a defendant's offense level looks at all acts and omissions committed or aided and abetted by the defendant that occurred during the offense of conviction, in preparation for it, or in the course of attempting to avoid detection for it. Additionally, in the event of "jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert

with others, whether or not charged as a conspiracy)" a defendant is also held responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B). The undisputed portions of the Presentence Report show that Mr. Jeffries and others, including Ms. Blubaugh, had at least a tacit agreement to take these tickets, knowing it was wrong to do so, and that they took steps, some of which were in concert, to conceal what they had taken. The court concludes that the defendant jointly undertook the offense conduct with the other employees and that the taking of tickets by other employees in a similar fashion were foreseeable acts in furtherance of a joint scheme, even if Mr. Jeffries was not charged with a conspiracy and did not know the details of what other employees took. The court concludes that he is jointly responsible for this conduct under the guidelines. His objection is therefore denied.

  2. Defendant's second objection argues he should receive a reduction for having played a minimal role in the offense. He says he did not come up with the scheme and that he acted on the direct instructions of his supervisor, Charlotte Blubaugh. Under the guidelines, a reduction in offense level may be available for one who "plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n. 3(A). A "minimal participant" is one who is "plainly among the least culpable of those involved in the conduct of the group." U.S.S.G. § 3B1.2 cmt. n. 4. The defendant must show by a preponderance of the evidence that he was a minimal or minor participant. See U.S.S.G. § 3B1.2 cmt. n. 3(C). The court concludes that the defendant had sufficient knowledge of the scheme and that his actions to conceal the taking of tickets do not warrant a reduction for being a minimal or minor participant. The defendant may not have been the most culpable of the employees – he obtained

about $56,000 worth of tickets while others got far more – but he joined in a common scheme or plan with them, and his conduct occurred over a period of several years. Additionally, the defendant pled guilty to a lesser offense – misprision of felony, although the Report shows that he was involved in the underlying offense to some extent with Ms. Blubaugh and others. As a result, his offense level was significantly lower under the guidelines than it would have been otherwise. The notes to USSG §3B1.2 state that "if a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense." *See also* USSG §2X4.1, comment. n.2 (noting adjustment from § 3B1.2 normally does not apply for misprision of felony because adjustment for reduced culpability is incorporated in base offense level). Defendant has not shown that he was a minimal or minor participant. The objection is therefore denied.

*Conclusion*.

Defendant's objections to the Presentence Report are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this __8th__ Day of March, 2011, at Wichita, Ks.

    s/Wesley E. Brown
    Wesley E. Brown
    U.S. Senior District Judge